IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

OWEN E. McDONNELL, JR.,            :
                                   :
    Plaintiff,                     :
                                   :
vs.                                :
                                   :    CIVIL ACTION 14-0141-M
CAROLYN W. COLVIN,                 :
Social Security Commissioner,      :
                                   :
    Defendant.                     :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 405(g), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for disability insurance benefits (Docs. 1, 10). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 16). Oral argument was waived in this action (Doc. 15). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** for further administrative action not inconsistent with the Orders of the Court.

1

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was sixty-three years of age, had completed a high school education (*see* Tr. 29), and had previous work experience as a legal office administrator/manager, telemarketer, and junior college teacher (Tr. 52-53). In claiming benefits, Plaintiff alleges disability due to late effects of a subarachnoid hemorrhage and status post clipping of anterior communicating artery aneurysm (Doc. 10 Fact Sheet).

The Plaintiff filed an application for disability benefits on July 29, 2010 (Tr. 129-36; *see also* Tr. 20). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although he was incapable of performing his past relevant work, there were jobs that McDonnell could perform

(Tr. 20-30). Plaintiff requested review of the hearing decision (Tr. 15) by the Appeals Council, but it was denied (Tr. 1-6).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, McDonnell alleges that: (1) The ALJ mischaracterized his age; (2) the ALJ failed to pose a proper hypothetical to the Vocational Expert (hereinafter *VE*); and (3) the ALJ's residual functional capacity (hereinafter *RFC*) determination is incomplete (Doc. 10). Defendant has responded to—and denies—these claims (Doc. 11).

In her decision, the ALJ held that McDonnell had the RFC

> [t]o perform a full range of work at all exertional levels but with the following nonexertional limitations: avoid unprotected heights and dangerous equipment; have minimal changes in the work settings and routines; avoid tasks requiring a variety of instructions/tasks; understand and carryout simple (1 – 2 step) instructions; understand and carry out detailed (but uninvolved) written or oral instructions involving a few concrete variables in/from standardized situations; not perform production pace work, and make judgments on only simple, work related decisions.

(Tr. 25). The ALJ further found that Plaintiff was unable to perform any of his past relevant work (Tr. 29).

The Court notes that Plaintiff has the burden of proving that he cannot perform his past relevant work. *Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987) (*citing Sryock v. Heckler*,

3

764 F.2d 834, 835 (11th Cir. 1985)). Here, McDonnell met that burden. The Court will now look to *Chester v. Bowen*, 792 F.2d 129 (11th Cir. 1986) for instruction on analyzing a claimant's disability after reaching this finding:

> In *Ferguson v. Schweiker*, 641 F.2d 243, 247-48 (5th Cir. 1981), the court stated:
>
>> The burden of showing by substantial evidence that a person who can no longer perform his former job can engage in other substantial gainful activity is in almost all cases satisfied only through the use of vocational expert testimony. While in exceptional cases testimony by a vocational expert may not be necessary . . . the general rule is that such testimony is required.
>
> We think that this is the correct answer. The determination as to whether a claimant has the residual functional capacity to work is not an easy one. And, it is far too important for the Secretary to make without having specific support in the record. In *Broz v. Schweiker*, 677 F.2d 1351 (11th Cir. 1982), we stated that the inquiry whether a claimant has the residual functional capacity to work is a matter to be determined through adjudication. Proper adjudication entails fact finding and decision making based on evidence presented or adduced at a hearing or trial. It is thus improper for the decision maker to take judicial notice of an adjudicative fact such as whether a claimant has the residual functional capacity to work. If the medical evidence is inconclusive on the point, as it is here, the record must be developed further through the use of vocational expert testimony.

4

*Chester*, 792 F.2d at 131-32.

In this action, the ALJ called a VE at the evidentiary hearing that testified that a hypothetical individual, with McDonnell's vocational factors and abilities, would be able to perform the jobs of office helper, mail clerk, and ticket taker (Tr. 53-54).  The ALJ reported the VE's response, found it consistent with information contained in the Dictionary of Occupational Titles, and determined that "[b]ased on the evidence as a whole, including the testimony of the vocational expert . . . the claimant was capable of making a successful adjustment to other work that existed in significant numbers in the national economy" (Tr. 29-30).

However, Plaintiff has pointed out that the ALJ, in her determination, held that McDonnell "was 55 years old, which is defined as an individual closely approaching advanced age" (Tr. 29).  This finding was in error.  According to Social Security regulations, Plaintiff is a person of advanced age, a classification requiring different considerations than individuals closely approaching advanced age.  20 C.F.R. § 404.1563(e) (2014).

McDonnell goes on to note that the jobs the VE—and ALJ—found that he could perform were light, unskilled jobs (Doc. 10, p. 7; *cf.* Tr. 29-30).  Plaintiff then argues that because GRID Rule 202.06 would find him disabled, the ALJ's decision is in

5

error, and he should begin receiving benefits (Doc. 10, pp. 7-8).

Respondent attempts to minimize the significance of McDonnell's argument by noting that the ALJ found him to have no exertional limitations, meaning that he can perform work requiring more than light exertion (Doc. 11, pp. 8-9; *cf.* Tr. 25). The Government further argues that the "mere fact that the VE chose to identify light or sedentary jobs in response to the ALJ's hypothetical does not alter the fact that the RFC assessment includes no exertional limitations, nor does the evidence of record support any" (Doc. 11, p. 9).

The Court is unconvinced by Respondent's arguments. Once the ALJ found McDonnell incapable of performing his past work, she was charged, under *Ferguson* and *Chester*, to determine if Plaintiff was capable of performing any work. As suggested in those two cases, the ALJ called upon a VE to provide information concerning that query. Respondent's apparent suggestion that the VE's testimony is irrelevant or immaterial falls short of explaining why the ALJ deemed it necessary to gather the information and then use it as the basis for her determination.

The Court agrees with the Respondent to the extent that the VE testimony in this action is insignificant in that fails to support the ALJ's conclusion. Although the ALJ found McDonnell capable of performing work at all exertional levels, the

evidence of record does not support that conclusion.  A well-crafted hypothetical question would have solicited a response explaining what jobs McDonnell can perform that require more than light exertion.[1]

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence.  Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence as to what work Plaintiff is capable of performing.  Judgment will be entered by separate Order.

DONE this 8th day of October, 2014.

s/BERT W. MILLING, JR.<br>
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court is not finding error in the ALJ's conclusion that Plaintiff can perform work at all exertional levels; the Court is finding that the evidence of record does not support the conclusion.