```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION


OWEN E. McDONNELL, JR.            :
                                  :
     Plaintiff,                   :
                                  :
vs.                               :      CIVIL ACTION 14-0141-M
                                  :
CAROLYN W. COLVIN,                :
Commission of Social Security,    :
                                  :
     Defendant.                   :
```

MEMORANDUM OPINION AND ORDER

This action is before the Court on Plaintiff's Attorney's Petition for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 23) and Defendant's Response (Doc. 24). After consideration of all pertinent materials in the file, it is **ORDERED**, without objection by the Government, that Plaintiff's Attorney's Petition be **GRANTED**, that Plaintiff's attorney, Byron A. Lassiter, be **AWARDED** a fee of $13,072.75 for his services before this Court, and that Lassiter pay to Plaintiff the sum of $3,901.15, the sum representing the fee previously awarded to Lassiter pursuant to the Equal Access to Justice Act (hereinafter *EAJA*).

Plaintiff hired Byron A. Lassiter on February 2, 2011 to pursue his claims for disability insurance benefits (see Doc.

1

23, p. 1). On February 19, 2014, Plaintiff executed a written contingent fee agreement through which Lassiter would receive twenty-five percent of past-due benefits paid to Plaintiff (Doc. 23, Exhibit D).

For the past approximately five years and ten months, Counsel has prosecuted Plaintiff's claims before both the Social Security Administration (hereinafter *SSA*) and this Court, commencing a civil action here on March 25, 2014 (Doc. 1). On October 8, 2014, the undersigned entered a Memorandum Opinion and Order and Judgment in which the decision of the Administrative Law Judge (hereinafter *ALJ*) was reversed and this action remanded for further administrative proceedings (Docs. 17-18). On remand, the ALJ rendered a fully favorable decision on March 25, 2016, finding Plaintiff had been disabled since March 1, 2002 (*see* Doc. 23, ¶ 5; *see also* Exhibit B).

On April 20, 2016, Plaintiff's Counsel received a Notice of Change of Benefits from the SSA, stating that the amount of $19,072.75, representing twenty-five percent of Plaintiff's past-due benefits, had been withheld for payment of authorized attorney fees (Doc. 23, Exhibit B, p. 1). Lassiter has received $6,000.00 in administrative attorney fees and now requests a fee in the amount of $13,072.75 for his services before this Court; together, these sums equal twenty-five percent of Plaintiff's

past-due benefits.

On November 22, 2016, Lassiter filed the pending Motion, requesting approval of a fee in the amount of $13,072.75 (Doc. 23). Since filing this action on March 25, 2014, Counsel has spent a total of 20.5 hours representing McDonnell before this Court without compensation (Doc. 23, Exhibit A). Defendant has provided no objection to the requested fee (Doc. 24).[1]

The Social Security Act provides that when a court renders a favorable judgment to a Social Security claimant "who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id.* Thus, the Act "provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum." *Watford v. Heckler*, 765 F.2d 1562, 1566 (11th Cir. 1985) (citations omitted) (emphasis in original).

The Supreme Court, in *Gisbrecht v. Barnhart*, 535 U.S. 789,

---

[1] Though the Government has not objected, it has noted that the requested fee amounts to approximately $637.70 per hour.

3

805-07 (2002), concluded that Congress designed § 406(b) to monitor fee agreements between Social Security benefits claimants and their counsel. Specifically, the Court held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The only boundaries made by Congress are that the fee cannot exceed twenty-five percent of the total disbursement and that the "fee sought [be] reasonable for the services rendered." *Id.*

The fee provided for in § 406(b) is in addition to that provided in § 406(a) that states that the Commissioner may award attorney's fees to a successful claimant's attorney for work performed before the SSA. Fees awarded pursuant to § 406(a) and § 406(b) are awarded in addition to any attorney's fee a claimant's attorney may receive pursuant to EAJA, 28 U.S.C. § 2412, if the Commissioner's position before the Court was not "substantially justified." *Gisbrecht*, 535 U.S. at 796. In order to avoid a double recovery, a claimant's attorney who is awarded attorney's fees under both § 406(b) and EAJA must refund the lesser amount to his or her client. *Id.*

4

The *Gisbrecht* Court did not set out the specific facts that the district courts are to consider when reviewing fees yielded by a contingent-fee agreement.  It did, however, point to the following factors which may be considered in reviewing for reasonableness:  (1) the character of representation; (2) the result achieved by the attorney; (3) any delay caused by the attorney; (4) the amount of benefits relative to the time spent on the action such that the attorney receives a windfall; (5) fraud or overreaching in making the agreement; and (6) a requirement that the requested fee does not exceed twenty-five percent of past-due benefits.  *See Gisbrecht*, 535 U.S. at 808.  A decision from the Second Circuit Court of Appeals further noted that "[s]hould the district court find that the agreement provides an unreasonable fee under the circumstances, the court may reduce the fee provided it states the reasons for and the amounts of the deductions."  *Wells v. Sullivan*, 907 F.2d 367, 372 (2nd Cir. 1990).

After reviewing the fee petition and accompanying documents, the Defendant's response, and the guidance provided by *Gisbrecht* and the opinions cited above, the Court finds that Lassiter has diligently represented Plaintiff since March 2014 in this Court and has been successful in obtaining past-due benefits for Plaintiff.  There is no evidence that Lassiter

5

contributed to any undue delay in this action, either before the Commissioner or before this Court, nor evidence of any fraud or overreaching in procuring or making the contingent-fee agreement.  Plaintiff has signed a fee agreement in which he agrees to the fee being requested by Lassiter.  The total fee requested does not exceed twenty-five percent of past-due benefits and comports with Plaintiff's contingent-fee agreement with his attorney.  While the requested fee is large, it cannot be considered a windfall or unreasonable.  The Court finds that the requested fee of $13,072.75 is reasonable for the services rendered before this Court.

By Memorandum Opinion and Order and Judgment entered on February 11, 2015 (Docs. 21-22), the Commissioner was ordered to pay Plaintiff's Counsel $3,901.15 in fees pursuant to EAJA.  In the instant Motion, Lassiter requests the Court to include in its order a provision that he pay Plaintiff $3,901.15, the sum representing the fee awarded under EAJA and which is currently held in trust for Plaintiff's benefit (Doc. 23).  An attorney's fee awarded under § 406(b) is subject to a dollar-for-dollar offset by the attorney's previous fee awarded under EAJA.

Therefore, it is **ORDERED**, without objection from Defendant, that Plaintiff's attorney's Motion for Attorney's Fees be **GRANTED** and that Plaintiff's attorney be **AWARDED** a fee in the

6

amount of $13,072.75 for his services before this Court.  It is **FURTHER ORDERED** that Lassiter pay Plaintiff $3,901.15, the sum representing the EAJA fee previously awarded.

DONE this 7th day of December, 2016.

                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE